RENDERED: DECEMBER 1, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1284-MR

HICKSTEAD FARM, INC.                                                                  APPELLANT


APPEAL FROM FAYETTE CIRCUIT COURT
v.          HONORABLE KIMBERLY N. BUNNELL, JUDGE
ACTION NO. 14-CI-01698


DAPPLE STUD, LLC; DAPPLE                                              APPELLEES
SALES, LLC; MIKE AKERS, INC.
D/B/A DAPPLE BLOODSTOCK; AND
MIKE AKERS, INDIVIDUALLY

AND


NO. 2022-CA-1306-MR

KENNETH L. RAMSEY; RAMSEY
FARM, INC.; AND SARAH K.
RAMSEY                                                                          APPELLANTS


APPEAL FROM FAYETTE CIRCUIT COURT
v.          HONORABLE KIMBERLY N. BUNNELL, JUDGE
ACTION NO. 14-CI-02669


DAPPLE STUD, LLC; DAPPLE
SALES, LLC; AND MIKE AKERS,
INDIVIDUALLY; AND MIKE

AKERS, INC. D/B/A DAPPLE
BLOODSTOCK                                                    APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, DIXON,[1] AND McNEILL, JUDGES.

McNEILL, JUDGE:  This consolidated case involves a dispute arising from the

sale of horses.  A panel of this Court previously summarized the facts as follows:

> Dapple Stud[] is a Kentucky limited liability company
> with its principal place of business in Lexington,
> Kentucky.  Dapple Stud deals almost exclusively in
> Thoroughbred horses.
>
> Hickstead Farm, Inc., ("Hickstead Farm") is the
> Appellee . . . .  Hickstead Farm is a Florida corporation
> engaged primarily in the business of breeding, raising,
> and selling Thoroughbred horses.  According to
> Hickstead, Dapple agreed to act as a consignor of two of
> Hickstead's Thoroughbred yearlings, a colt and a filly, at
> the September 2013 Keeneland sale.  The colt sold for a
> gross sales price of $250,000.00 and the filly sold for a
> gross sales price of $290,000.00.  Following the sale,
> Keeneland issued a check to Dapple Stud for the
> proceeds of the sale of the horses in the amount of
> $513,500.00.00, representing the combined sales price of
> the horses minus Keeneland's commissions and fees.
> Hickstead Farm asserts that Dapple Stud still owes it at
> least $175,000.00 from the sale of its horses.

---

[1] Judge Donna Dixon concurred in the Opinion prior to her retirement effective November 20,
2023.  Release of this Opinion was delayed by administrative handling.

Kenneth L. Ramsey, Sarah K. Ramsey, and Ramsey Farm (hereinafter collectively referred to as "Ramsey Farm") are the Appellees in Appeal No. 2015-CA-000385-MR. Ramsey Farm alleges that it engaged Dapple Stud to serve as its agent for the purpose of selling two of its yearlings, a filly and a colt, at the 2013 Fasig-Tipton October Fall Yearling Sale, and four of its older broodmares at the 2013 Fasig-Tipton Midlantic December Mixed Sale. Thereafter, a total of $158,565.50 in sales proceeds was remitted to Dapple Stud for the account of Ramsey Farm from the 2013 Fasig-Tipton October Sale and an additional $8,018.85 in sales proceeds was remitted to Dapple Stud for the account of Ramsey Farm from the 2013 Fasig-Tipton December Sale. Ramsey Farm asserts that despite its repeated demands, Dapple Stud has failed to pay it the sales proceeds and interest due to it from the sale of the horses by Dapple Stud.

Hickstead Farm was the first to file a complaint against Dapple Stud. Its May 5, 2014, complaint against Dapple Stud seeks damages (compensatory and punitive) based on claims of: (1) theft by failure to make required disposition of property; (2) conversion; (3) fraud; (4) breach of fiduciary duty; and (5) breach of contract. Approximately two months later, Ramsey Farm filed a nearly identical complaint against Dapple Stud. The only substantive difference between the two complaints is the amount of damages sought. Dapple Stud answered both complaints. In its answers, Dapple Stud denied that it entered into any relationship or agreement with the plaintiffs for the sale of their horses.

*Dapple Stud, LLC v. Ramsey*, No. 2015-CA-000385-MR, 2016 WL 4575647, at

*1-6 (Ky. App. Sep. 2, 2016), *as modified* (Mar. 17, 2017) (emphasis added). The

Court ultimately concluded:

While the Appellees might eventually be able to prevail on breach of contract or some other theory, the factual record as it currently exists does not support the circuit court's ultimate conclusion that either an oral or written contract with definite and certain [terms] existed between the parties.

*Id*. at *7. As a result, the Court vacated the Fayette Circuit Court's summary judgment and remanded the case for further consideration. On remand, the parties filed cross motions for summary judgment. The circuit court entered summary judgment in Appellees' favor, and ordered restitution.[2]

In the present case, Appellees are Dapple Stud, LLC, Dapple Bloodstock, Mike Akers, Inc., and Mike Akers individually.[3] Appellants are Hickstead Farms (Hickstead), and Kenneth L. Ramsey, Sarah K. Ramsey, and Ramsey Farm (Ramsey). And while the focus here appears to be the issue of summary judgment and restitution, Appellants appeal from a dozen orders, including one order denying Appellants' motions to file a third-party complaint against Third-Party Defendants, Mike Akers, Inc., and Mike Akers individually, "as time-barred by their applicable statutes of limitations[.]" However, Appellants

---

[2] A different judge presided over the case on remand.

[3] Both Dapple entities will be referred to as "Dapple." Mike Akers, Inc., and Mike Akers individually will be referred to as "Akers." All Appellees will be collectively referred to "Appellees." All Appellants will be collectively referred to as "Appellants."

did not initially file suit against Akers. The motion to file a third-party complaint against Akers occurred years after Appellants' initial Complaints.

It appears that Mike Akers was once employed by Dapple and had a prior relationship with Appellants, in which he would assist in the sale of their horses. However, Dapple contends that Akers was no longer acting as its lawful agent at the time of the underlying sales. It also appears that Akers deposited the sales proceeds in a Dapple account, and then absconded with a significant portion of those funds. However, we want to be clear that we are neither making nor adopting these as facts. Rather, we are simply attempting to shed some light on an extremely convoluted case with little to no findings for us to review. Dapple cites the following oral statement by the circuit court that is instructive of the underlying proceedings: there was no "indication that Dapple Sales . . . had anything to do with conspiring with Mr. Akers to take these folks' money" and that Dapple Sales had not done "anything wrong" because "Akers stole the money."[4]

Furthermore, Appellants' arguments concerning summary judgment do not contend that there is a genuine issue of material fact precluding summary judgment in Appellees' favor. Rather, they argue that the circuit court erred in failing to enter summary judgment in their favor. To reach that result, we must first reverse summary judgment in Appellees' favor, and remand for entry of

---

[4] Again, we do not adopt this as a fact of the present case.

-5-

summary judgment in Appellants' favor.  Such a remedy is extreme, and unsupported by the record presented.  Moreover, nearly all of the dispositive orders from which Appellants appeal appear to be summary orders with no explanation or analysis concerning the underlying issues.  Critically, Appellants have not indicated that they requested additional findings or any other form of post-judgment relief, the product of which may have aided in our review.[5]  In any event, we have not been presented with any issue of law or fact that requires reversal *of any order or judgment* on appeal.  Therefore, we affirm.

ALL CONCUR.

---

[5] On page ten of its brief, Appellants cite that it asked the court to amend a judgment, which the court did.  However, Appellants also note that this motion does not appear in the record.  In any event, there is no indication that the motion, or any other motion, requested findings for the various orders and judgments from which Appellants now appeal.

BRIEFS FOR APPELLANTS:

Michael D. Meuser
Elizabeth C. Woodford
Lexington, Kentucky

BRIEF FOR APPELLEES DAPPLE
STUD, LLC; AND DAPPLE SALES,
LLC:

Thomas D. Bullock
Rachele T. Yohe
Lexington, Kentucky

BRIEF FOR APPELLEES MIKE
AKERS, INC. D/B/A DAPPLE
BLOODSTOCK; AND MIKE
AKERS, INDIVIDUALLY:

Nolan M. Jackson
Lexington, Kentucky